A finding by the trial court, sitting without a jury, made upon conflicting evidence, is conclusive on appeal, and accused cannot have it set aside, upon the theory that where the testimony is false the conviction should be reversed, merely because he denied the testimony of the prosecuting witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

Appeal from Burleson County Court; R. J. Alexander, Judge.

Hans Nagle was convicted of carrying a pistol in violation of law, and he appeals. Affirmed.

Jesse Garrett, of Caldwell, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of carrying a pistol in violation of the statute. The issue is one of fact, there being no legal question raised.

It is a conceded fact that appellant was a mail carrier; that going along the road a man named Broaddus, who had a negro in the wagon with him, ran into appellant's horse and caused him to jump. This seems to be practically the only thing about which the witnesses fully agree. Broaddus and the negro both testified when this happened appellant jerked his pistol and presented it at Broaddus, or rather upon both the negro and Broaddus. Appellant denied having the pistol, and introduced evidence to the effect that he did not own a pistol. He introduced one witness at whose house he lived. This witness testified that he (witness) owned a 38 caliber pistol, which hung in the room occupied by appellant. The state's witnesses show the pistol presented by appellant on the occasion in question was a 38 caliber pistol. There is quite a lot of testimony going into details and side matters; but the issue is fairly presented by appellant that he did not have a pistol, and by the state that he did. The case was submitted to the court without a jury, and he found against appellant's contention and testimony. Under this condition of the record we would not be justified in reversing the judgment.

Appellant cites us to the case of Threadgill v. Wells, 143 S. W. 342, to the effect that where the testimony is false the judgment should be reversed. The writer very fully indorses that authority and that contention, and if it was shown that the testimony of Broaddus and the negro was false the writer would unquestionably agree to a reversal of the case; but the trouble with appellant's contention is two witnesses swear to the exhibition of the pistol by appellant, and appellant denies it. The court decided that the state's testimony was true, and this court would not be justified in holding that the trial court was incorrect. He saw the witnesses and heard them testify. In order to maintain the proposition asserted by appellant, the testimony for the state must be shown to be false, and the question of doubt between the parties was settled by the court adversely to him.

The judgment, therefore, will be affirmed.

---

## SNEAD v. STATE.

(Court of Criminal Appeals of Texas. June 25, 1913.)

HOMICIDE (§ 295*) — MANSLAUGHTER — EVIDENCE—INSTRUCTIONS.

Where accused proved that decedent pulled out his knife and threatened to kill him, and advanced toward him and cursed him, and that accused then picked up a pistol and snapped it, thinking it would not shoot, but would merely frighten decedent, an instruction on manslaughter, that the drawing of a knife by decedent on accused, or advancing on him with a knife was adequate cause, was erroneous for omitting all the facts bearing on the conduct of decedent; and where accused was convicted of murder in the second degree, and sentenced to 20 years in the penitentiary, the error necessitates a new trial, since a complete instruction might result in a conviction of manslaughter and an assessment of the minimum punishment, or the infliction of a smaller punishment for murder in the second degree.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 606–609; Dec. Dig. § 295.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Robert Snead was convicted of murder in the second degree, and he appeals. Reversed and remanded.

W. A. Johnson, of Woodville, and A. S. Baskett, of Dallas, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of murder in the second degree; the jury assessing his penalty at 20 years' confinement in the penitentiary.

The evidence introduced by the state will show murder in the second degree. That introduced by the defendant raised clearly the issue of manslaughter and self-defense. Appellant was the day manager of a pool hall and billiard room. The deceased went into this billiard room on the occasion of the trouble and paid five cents for the privilege of practicing on one of the tables. Under the rules of the house, by paying the five cents the party would be entitled to practice on the table 15 minutes. Deceased had exceeded the 15-minute limit by some time when appellant reminded him of it and started to take the balls from the table, when deceased shot a ball violently against his hand, which he claimed produced pain. Deceased then started towards the door, going down one side of the room and appellant in the same direction on the opposite side of the room. Appellant went to the cigar case, and put up the chalk. When the deceased reached the door, or near the door, he turned and came to where appellant was standing behind the cigar case, cursed him, pulled out his knife, and told appellant he was going to kill him, and started towards him. Appellant then got the pistol, walked out from behind the cigar case, and cocked and fired it. He thought it would not shoot, but got it to bluff the deceased; that he tried it before, and it would not work. He testifies that he was scared, and that he did not think the pistol would shoot; that he got the pistol to defend himself by bluffing deceased, and that it accidentally shot and killed him. There is other testimony besides appellant's to the effect that deceased cursed him and told him to go to hell, and also that the pistol had not been in working condition since it had been in the house. Appellant introduced other witnesses who knew the pistol, and they testified they did not think it would shoot, and some of them expressed surprise when it did fire.

There are several causes for manslaughter. The court charged the jury, among other things, with reference to one phase of manslaughter, as follows: "The drawing of a knife by the deceased on the defendant, or advancing on the defendant with an open knife." This charge is given as an adequate cause. This is not a statutory cause. This charge is criticized, because it culled some of the facts without stating them all; the contention being that, where the court culls the facts and states them as adequate cause, all of the facts bearing on or illustrating that particular phase of the case should be given. We have stated enough of the facts to show deceased not only drew his knife on defendant, but threatened to kill him with it, and cursed him. Under the authority of Wheeler v. State, 54 Tex. Cr. R. 51, 111 S. W. 1022, and Gant v. State, 55 Tex. Cr. R. 291, 116 S. W. 801, this charge was error.

The conviction was for 20 years, and, had appellant been convicted of manslaughter and the minimum punishment assessed, this charge might not have been hurtful; but the punishment was very heavy, and it might have been very beneficial to defendant to state the law as it really is as applicable to the evidence. It might have induced the jury to find him guilty of a lower offense, or to give him smaller punishment of murder in second degree.

The judgment is reversed, and the cause is remanded.